UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICHARD A. LARSEN, III,                )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )          1:21-cv-00156-JDL
                                       )
UNITED STATES OF AMERICA,              )
                                       )
      Defendant                        )

## RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff seeks to assert a claim against the United States based on alleged constitutional violations that he alleges occurred during state court civil and criminal proceedings.  (Complaint, ECF No. 1.)  In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (Order, ECF No. 3.)  In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## DISCUSSION

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Here, Plaintiff complains about the conduct of certain individuals, who are not alleged to be affiliated with the federal government, and about state court criminal and civil proceedings in which he is or was involved. Plaintiff has alleged no facts against the United States government or an agent or employee of the United States government. Plaintiff, therefore, has not asserted an actionable claim against Defendant. Accordingly, dismissal

of Plaintiff's complaint is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint. The Court has dismissed multiple claims asserted by Plaintiff based on Plaintiff's failure to allege an actionable claim within the Court's jurisdiction. *See*, *Larsen v. State of Maine, et al*., 1:20-cv-00450-JDL, *Larsen v. Nelson*, *et al*., 1:21-cv-00096-JDL, *Larsen v. Aroostook Unified Courts*, 1:20-cv-00413-JDL, and *Larsen v. Linthicum*, *et al.*, 1:20-cv-00127-JDL. Given the Court's dismissal of Plaintiff's prior filings, I also recommend the Court issue an order placing Plaintiff on notice that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of September, 2021.